**FILED**

August 18, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ lad

DEPUTY

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| T.E. T.E. MR. RAJ K. PATEL, from all capacities,<br><br>*Plaintiff*<br><br>v.<br><br>THE UNITED STATES, THE PRESIDENT OF THE UNITED STATES, PRESIDENT JOE BIDEN, in all capacities, PRESIDENT GEORGE W. BUSH, in all capacities, PRESIDENT BARACK H. OBAMA, in all capacities, PRESIDENT DONALD J. TRUMP, in all capacities, and PAST AND PRESENT OVAL OFFICE ATTORNEYS AND COUNSELORS-AT-LAW,<br><br>*Defendants* | No. **6:24-cv-00426**<br><br>*PRO SE* **COMPLAINT**<br><br>**JURY DEMANDED**<br><br>Dated: August 18, 2024 |

T.E. T.E. Mr. Raj K. Patel (Rama CCCX) (*pro se*), from the Basis of the United States, respectfully submits this Fed. R. Civ. P. 3 complaint against the defendant(s) for damages:

## JURISDICTION

1. Jurisdiction is proper in the United States District Courts, as federal question, 28 U.S.C. § 1331, under the President's constitutional promise-making powers, and jurisdiction in district courts is independent of the Big and Little Tucker Act. Talley v. United States Dep't of Agric., 595 F.3d 754, 759 (7th Cir. 2010). Franklin-Mason v. Mabus, 742 F.3d 1051, 1055 (D.C. Cir. 2014) (citing Bowen v. Massachusetts, 487 U.S. 879, 910 n. 48 (1988) ("But, admittedly, 'nothing in the language of the Tucker Act makes its grant of jurisdiction to the Court of Federal Claims exclusive for all contract claims over $10,000.'...'Rather, that court's jurisdiction is 'exclusive' only to the extent that Congress has not granted any

other court authority to hear the claims that may be decided by the Claims Court.'").

2.  Jurisdiction is also proper in district courts as federal question under the 14th Amendment's Bounty Contract Clause.  U.S. const. amend. XIV, § 4.

## CONTRACT NUMBER

3.  As he, Plaintiff TE,E Patel, now recalls, Patel and his business partners, based on his business partner's manifestation, in 2007, received a contract number, but Patel forgot it.

4.  Patel did not inquiry much about a contract number because Patel thought the United States would have its records, under a security clearance.

5.  Patel's business partners are inattentive to Patel's communications to them.

## CLAIMS

6.  "Defendant" shall mean each defendant individually and collectively, and Plaintiff incorporates the paragraphs above.

    Breach of Contract #1 (adopted from uscourts.gov Form)

7.  The Plaintiff, Patel, and the named defendant made an agreement or contract in 2006 (as updated in 2007).  The agreement or contract was oral (then partly written and then memorialized).  Under that agreement or contract, the plaintiff was to perform services by purportedly remaining a clueless victim against terrorists with weapons of depression and other bio-capacities, and the defendant was required (1) to make sure that plaintiff does not get so fat that he would have excessive skin and scars upon weight loss and skin removal surgery, (2) compensate plaintiff in the agreed upon money, and (3) deflect the terrorists, especially upon Patel's filing of a related lawsuit.

8.  The defendant failed to comply because (1) the defendant did not make sure that plaintiff does not get so fat as he would have excessive skin upon weight loss so that he would require scarring skin removal surgery, (2) the defendant did not compensate plaintiff any money, and (3) the defendant did not deflect the terrorists upon Patel's filing of a related lawsuit.

9.  Plaintiff demands damages from defendant for breach of contract in compensatory damages, money damages, restitution damages, mental pain and suffering, jealousy damages, reliance damages, oppressive damages, humiliation damages, parasitic damages, extreme emotional distress, and punitive damages.

Breach of Contract #2

10. Plaintiff incorporates the paragraphs above.

11. In 2007, around the time the press had been covering Benazir Bhutto, plaintiff and defendant entered into agreement by which defendant promised plaintiff for the consideration as provided and to be provided, and defendant materially promised plaintiff that defendant would ensure that plaintiff would not become so obese that he would have excess skin and excess scars upon weight loss as known by plaintiff on the free-and-fair market.

12. In or around September 2020, Defendant breached the mutual inducement and the agreement by not ensuring that plaintiff does not become so obese that plaintiff would have excess skin and excess scars upon weight loss.

13. Defendant promised plaintiff that it would take responsibility of the object(s), terrorists/bad guys with a particular cause against plaintiff and those similarly situated, of their contract.  Plaintiff said that the money was too good to be true, but defendant affirmed the consideration and promised the money amount again. Plaintiff agreed because he had already felt like a billionaire and trillionaire, what

he was envisioning during the contract formation in 2007. Before the said money amount was agreed, an upper classman schoolmate said to agree to more money than schoolmate G____ H_____ in the event he gets drafted for the NBA, which parties agreed to.

14. Defendant promised plaintiff that plaintiff would get to keep the money if the contract is breached, especially because courts usually give 10% of the damages requested. Plaintiff also promised defendant for the consideration that he would major in government, politics, or political science. Plaintiff and defendant also discussed plaintiff's royal lineage which was additionally suspect to why plaintiff was a victim of terrorism. H. Res. 417 (113th Cong.).

15. Plaintiff communicated to defendant that plaintiff intends on running for president and would want the money much before he become eligible for the presidency in 2027. Defendant promised that it would be possible much before he runs for office; defendant breached this term.

16. Plaintiff and defendant agreed that the filing of a lawsuit would terminate the contract and the money would be transferred, and the bad guy deflected. Defendant breached because upon plaintiff successfully filing a lawsuit the Defendant did not transfer the money and did not deflect the bad guy.

   a. Consideration: Defendant wanted to see the "bad guys" in action, and since plaintiff was a victim of them already, plaintiff was proposed to live under their peril and let the defendant observe them in action, and in return, plaintiff would be protected by defendant so that he does not become obese so that he has extra skin that will need to be removed upon weight loss and that he would be compensated for his labor in the tens of billions at least,

4

so that he will be able to own a "house in each [sister] state" and be compensated with money for the losses plaintiff accrues as well.

b.  <u>Offer</u>: During oral negotiations, around the time the press was covering Benazir Bhutto, defendant offered plaintiff a contract to which he would be compensated for his labor and losses with money and be protected if he let defendant observe unnamed "bad guys" in action in plaintiff's surroundings.  Defendant stated to plaintiff that the "bad guys" interests are generally unknown but requested his hypothesis on their reasons. Defendant stated that this negotiation was an elaboration on the negotiation that happened a year before where Patel was promised money for the consideration provided and to be provided.

　　i.  <u>Counteroffer</u>: Plaintiff offered defendant that if should agree, then he would have more money than anyone else from Brownsburg Community School Corporations (for some time) and that he would have more money than his upperclassman schoolmate G_____ H_____. Patel also stated that, as a part of his hypothesis, the "bad guys" want to reduce his chances from going to Harvard University or another Ivy League, and that he be promised, if he is to accept, that plaintiff would at least get into a top 20 undergraduate school and law school and graduate, and that later plaintiff will be able to sue and recover damages, including raising any deflated or suppressed letter grades on his transcripts.

c.  <u>Acceptance</u>: Plaintiff agreed to the terms of offer and contract, by saying that he agrees, and defendant accepted the counteroffer prior to plaintiff agreeing, by saying "okay." Many years later, President Trump ratified the

contract or re-agreed via sign language, after Patel communicated said offer/terms of the contract, that Patel saw and felt through the television; President Trump displayed an "E," "yes," and "you" in sign language through the television. Then, once President Biden was elected, President Biden might have ratified or re-agreed by technologically induced coughing at the same time as plaintiff to which plaintiff could feel in his person, and over social media, at the display of his picture on Instagram, a voice played inside plaintiff's ear that "if you get us into court, you get the money."

d.  <u>Mutual Assent/Meeting of the Minds</u>: Plaintiff and defendant clearly communicated that they agreed, and, at ratification, it was clear to both plaintiff and defendant that they intended communication towards each other because of the advance technologies (including but not limited to bio-technologies) that were used.

e.  <u>Mutuality of Intent to Contract</u>: Issuance of a contract number. Following up with Patel's communication. Reassuring Patel that the contractual money compensation, although large number, was agreeable with the United States, as the task was very likely over a decade long. Use of high-tech technology in forming the contract and keeping secure the terms of the contract. The contract was formed by the President George W. Bush White House. Then, contractual aid came from President Barack Obama White House. Then, President Trump directly ratified the contract. Then, President Biden directly ratified the contract.

*Breach of Implied Covenant of Good Faith and Fair Dealing*

17. Defendant promised plaintiff that defendant would not break any of plaintiff's personal liberties as the aforementioned breached material term was also related to plaintiff making a gain in his religious free exercise.  42 U.S.C. § 2000bb-1(a).

Contract by Performance

18. Plaintiff incorporates the paragraphs above.

19. Plaintiff stated, via Federal complaints, to Defendant that plaintiff believes defendant made plaintiff a promise.

20. Defendant did not deny plaintiff's contract inquiry.  Therefore, Plaintiff felt obligated to perform the services.

21. Defendant breached because Defendant did not compensate Plaintiff as agreed.

Breach of United States R.F.R.A. – 42 U.S.C. § 2000bb-3(a)

22. Plaintiff incorporates the paragraphs above.

23. Defendant's breach of the aforementioned material term also prevented plaintiff from his free exercise of religion, and said breach was unconstitutional and illegal for defendant while under contract with plaintiff.

24. Plaintiff demands damages.

Fraud

25. Plaintiff incorporates the paragraphs above.

26. On or about 2007, defendant and plaintiff were negotiating concerning the terms by plaintiff from defendant in that defendant promised and agreed that it was capable and will ensure that plaintiff will not be so obese that he will have excess skin and later scars from weight loss after morbid obesity.

27. At that time defendant represented to plaintiff that it was capable and that it understood that it was a material breach of the contract and that full compensation

was still will still be provided by defendant to plaintiff if the contract terminates for material breach.

28. The representations made by defendant were false and defendant knew that they were false and defendant, without knowledge of the true facts, recklessly misrepresented them and were made with the intention that plaintiff should rely upon them.

29. Plaintiff believed the representations and in reliance upon them agreed to the terms of the contract and not sue to terminate the stressors.

30. Plaintiff demands damages from defendant.

Fraud in the Inducement/Fraudulent Inducement

31. Plaintiff incorporates the paragraphs above.

32. Plaintiff demands damages from defendant.

Intentional Infliction of Emotional Distress

33. Plaintiff incorporates the paragraphs above.

34. On or about the 2020, the defendant committed an intentional infliction of emotional distress.

35. Defendant's extreme and outrageous conduct was acting in a way as to disregard Ordered Liberty and allow plaintiff to become morbidly obese and have scar removal, and putting plaintiff in a situation where he is in want of due process.

36. Plaintiff demands damages from defendant.

Negligent Infliction of Emotional Distress

37. Plaintiff incorporates the paragraphs above.

38. On or about 2020 and onwards, the defendant negligently, recklessly, or wantonly caused or allowed plaintiff's person to become morbidly obese and then later to have scar removal surgery.

39. As a proximate consequence of the defendant's said negligence, recklessly, or wantonness, the plaintiff was caused to suffer the following injuries and damages mental pain and suffering, obsessive compulsive disorder, anxiety, depression, dissociative identity disorder ("DID"), humiliation, loneliness, and stress.

40. Plaintiff demands damages from plaintiff.

<u>Invasion of Privacy – Unreasonable Intrusion – burden to his own existence</u>

41. Plaintiff incorporates the paragraphs above.

42. Defendant's said conduct disparages plaintiff's emotional solace and has created an impression and change in his person's body composition, with this as a lingering memory by defendant's said acts allowing this to happen and serves as a substantial burden to plaintiff's existence.  P.R. const. art. II, §§ 1, 7-8.  <u>Young v. Hawaii</u>, 911 F. Supp. 2d 972, 992 (D. Haw. 2012) (internal citations omitted).

43. As a proximate consequence of the defendant's said negligence or wantonness, the plaintiff was caused to suffer the following injuries and damages mental pain and suffering, obsessive compulsive disorder, anxiety, depression, dissociative identity disorder ("DID"), humiliation, loneliness, and stress.

44. Plaintiff demands damages from plaintiff.

<u>Negligence</u>

45. Plaintiff incorporates the paragraphs above.

46. On or about 2020 and onwards, the defendant negligently, recklessly, or wantonly caused or allowed plaintiff's person to become morbidly obese and then later to have scar removal surgery.

47. As a proximate consequence of the defendant's said negligence, recklessly, or wantonness, the plaintiff was caused to suffer the following injuries and damages

mental pain and suffering, obsessive compulsive disorder, anxiety, depression, dissociative identity disorder ("DID"), humiliation, loneliness, and stress.

48. Plaintiff demands damages from defendant.

<u>Breach of Warranty</u>

49. Plaintiff incorporates the paragraphs above.

50. In 2007, defendant promised the plaintiff on which the defendant gave warranty that defendant would ensure that plaintiff would not become so obese that he would have excess skin and later scars from extra skin removal after morbid obesity, as their knowledge based on the free-and-fair market.

51. In fact, defendant did not make sure that plaintiff does not become morbidly obese where he will have extra skin and later need scarring extra skin removal surgery.

52. Plaintiff demands damages from plaintiff.

<u>Assault and Battery</u>

53. Plaintiff incorporates the paragraphs above.

54. On or about the 2020 and onwards, the defendant committed an assault and battery on the plaintiff.

55. Plaintiff demands damages from plaintiff.

<u>Abuse of Process</u>

56. Plaintiff incorporates the paragraphs above.

57. The defendant used the contract negotiation due process illegally or improper.

58. The defendant just wanted to prevent a lawsuit, other legal actions, and catch the bad guy(s) without honoring the consideration from mutual inducement, which is an ulterior motive or improper purpose to enter into a contract.

59. Plaintiff has been harmed by defendant's improper conduct.

60. Plaintiff demands damages from plaintiff.

<u>Strict Liability</u>

61. Plaintiff incorporates the paragraphs above.

62. On or about the 2020 and onwards, the defendant allowed a harm to occur to plaintiff from the bad guys while they said that the said harm will not be allowed to occur.

63. Living under stress is an abnormally dangerous activity.

64. Plaintiff suffered harm from defendant.

65. Plaintiff demands damages from defendant.

<u>Unjust Enrichment</u>

66. Plaintiff incorporates the paragraphs above.

67. Since plaintiff performed the offer/contract/consideration, the defendant received the benefits of the aforementioned consideration, and was able to craft social and political policies too. That is, plaintiff only agreed to the aforementioned performance of services because defendant asked and was promised money and safety in return.

68. The defendant was able to appreciate and know of plaintiff's service and performance of the aforementioned, alleged contract-at-hand as shown by *Students for Fair Admissions v. Harvard*, H. Res. 417 (113th Cong), and other executive branch policies and policing spanning from 2006 onwards.

69. Plaintiff would be a slave if he is not compensated for the services he performed for defendant, and defendant should have to pay restitution for the benefit received.

70. Patel should be compensated and given restitution.

71. Plaintiff demands damages from plaintiff.

**<u>DEMAND FOR RELIEF</u>**

72. Plaintiff incorporates the paragraphs above.

73. Wherefore plaintiff demands judgment against defendant in the sum of dollars, interest and costs exceeding any minimal jurisdictional requirement.

74. Compensatory damages, money damages, restitution damages, mental pain and suffering, jealousy damages, reliance damages, oppressive damages, humiliation damages, parasitic damages, extreme emotional distress, and punitive damages.

75. Money shall be adjusted favorably for inflation.

76. Contracts reformation or novation.

77. If needed, transfer to the United States Court of Federal Claims.

78. Any other remedy the court thinks is fair, including but not limited to enlarged or reduced recovery for contract.

Respectfully submitted, from the Basis of the United States,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
4330 Strathmore Lane
Zionsville, IN 46077
Boone County
317-740-8001
rajp2010@gmail.com
www.rajpatel.live

U.S. const.

THE EXCELLENT
Student Gov't President
of Emory Univ. 2013-14
Raj K. Patel
Student Gov't President
of B.C.S.C. 2009-10
THE EXCELLENT
art. IV, § 2

T.E. President/Student Body President, Student Gov't Ass'n
    of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)
T.E. Student Body President, Brownsburg Cmty. Sch.
    Corp./President, Brownsburg High Sch. Student Gov't
    2009-2010 (corp. sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind.
    St. B. Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High
    Sch. Caucus 2008-2009

Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010

Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Intern, Jill Long Thompson for Governor (2008)

Volunteer, Barack Obama for Am. (2008)

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. (2014)

Former J.D. Candidate, Notre Dame L. Sch.

<u>**CERTIFICATE OF SERVICE**</u>

The service to the Defendants have been made by the Clerk of the Court of WD Tx under the Fed. R. Civ. P.

**THE UNITED STATES**
**THE PRESIDENT OF THE UNITED STATES**
**PRESIDENT JOE BIDEN**
**PRESIDENT GEORGE W. BUSH**
**PRESIDENT BARACK H. OBAMA**
**PRESIDENT DONALD J. TRUMP**
**PAST AND PRESENT OVAL OFFICE ATTORNEYS AND COUNSELORS-AT-LAW**
U.S. Attorney General Merrick Garland
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
Merrick.garland@usdoj.gov

**THE UNITED STATES**
**THE PRESIDENT OF THE UNITED STATES**
**PRESIDENT JOE BIDEN**
**PRESIDENT GEORGE W. BUSH**
**PRESIDENT BARACK H. OBAMA**
**PRESIDENT DONALD J. TRUMP**
**PAST AND PRESENT OVAL OFFICE ATTORNEYS AND COUNSELORS-AT-LAW**
Jaime Esparza, U.S. Attorney for the WD Tx.
United States Attorney's Office
800 Franklin Avenue, Suite 280
Waco, Texas 76701
USATXW.Webmaster@usdoj.gov


Dated: August 18, 2024


Respectfully submitted,



/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
4330 Strathmore Lane
Zionsville, IN 46077
Boone County
317-740-8001
rajp2010@gmail.com
www.rajpatel.live

I