UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| RAJ PATEL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 6:24-CV-00426-ADA-JCM |
| | § | |
| UNITED STATES OF AMERICA, et al, | § | |
|     Defendants. | § | |

**ORDER and REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

**TO:  THE HONORABLE ALAN D ALBRIGHT,**
      **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) and Plaintiff's Motion to Perfect Service (ECF No. 3). For the following reasons, the Court **ORDERS** that Plaintiff's Motion to Proceed in Forma Pauperis be **GRANTED**. The Court further **RECOMMENDS** that this case be **DISMISSED** and that Plaintiff's Motion to Perfect Service (ECF No. 3) be **DENIED**.

**I.  BACKGROUND**

Plaintiff sues the United States of America, President Biden, President Trump, President Obama, President George W. Bush, and all past and present Oval Office Attorneys and Counselors-at-Law for breach of contract. Pl.'s Compl. (ECF No. 1) at 1. Plaintiff alleges that under that

1

contract, the plaintiff was to perform services by purportedly remaining a clueless victim against terrorists with weapons of depression and other bio-capacities, and the defendant was required (1) to make sure that plaintiff does not get so fat that he would have excessive skin and scars upon weight loss and skin removal surgery, (2) compensate plaintiff in the agreed upon money, and (3) deflect the terrorists.

*Id.* at 2. Plaintiff further alleges that the defendants "breached the mutual inducement and the agreement by not ensuring that plaintiff does not become so obese that plaintiff would have excess skin and excess scars upon weight loss." *Id.* at 3. Plaintiff also alleges that "he would be compensated for his labor in the tens of billions at least." *Id.* at 4.

Plaintiff asserts that President Trump ratified the terms of the contract via sign language a by displaying "an 'E,' 'yes,' and 'you' in sign language through the television." *Id.* at 5–6. He also asserts that President Biden "might have ratified . . . by technologically induced coughing at the same time as plaintiff to which plaintiff could feel in his person, and over social media, at the display of his picture on Instagram, a voice played inside plaintiff's ear that 'if you get us into court, you get the money.'" *Id.* at 6.

Based on these allegations, Plaintiff sues Defendants under 42 U.S.C. § 2000bb-3(a) for preventing "plaintiff from his free exercise of religion," fraud, fraudulent inducement, intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, breach of warranty, assault and battery, abuse of process, strict liability, and unjust enrichment. *Id.* at 7–11.

## II.   DISCUSSION

Here, Plaintiff reports his monthly gross income to be $1,440. Mot. at 1. The applicable poverty guideline for a family of one is $15,060. U.S. Department of Health & Human Services, Office of the Assistant Secretary for Planning and Evaluation, *U.S. Federal Poverty Guidelines Used to Determine Financial Eligibility for Certain Programs*,

https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited August 21, 2024). Plaintiff's annual household income totals $17,280. Plaintiff also has over $95,000 in debt from prior litigation. *Id.* at 2. Plaintiff's application shows that having to pay his filing fee would cause him undue financial hardship.

Once IFP status is conferred, 28 U.S.C.A. § 1915(e)(2)(B)(i) allows dismissal of an action if it is frivolous. *See* 28 U.S.C.A. § 1915(e)(2)(B)(i). A complaint is frivolous if it "lacks an arguable basis either in fact or in law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Plaintiff's allegations are clearly fanciful, fantastic, and delusional. Plaintiff's allegations that four Presidents of the United States agreed to allow terrorists with weapons which cause depression to attack plaintiff in exchange for tens of billions of dollars by using sign language while on television, coughing while on television, and telepathically communicating with Plaintiff while Plaintiff scrolled through Instagram are "pure fantasy," wholly ungrounded in reality. *Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994). As such, Plaintiff's claims are factually frivolous and subject to dismissal. *Neitzke*, 490 U.S. at 325.

Plaintiff also filed a Motion to Perfect Service (ECF No. 3). Plaintiff moves "this clerk of court to perfect service to the defendants' attorneys said herein the certificate of service, after the court grants *in forma pauperis*." ECF No. 3 at 1. As the Court should dismiss Plaintiff's claim, Plaintiff's Motion to Perfect Service should also be denied.

### III. ORDER and RECOMMENDATION

For the reasons explained above, the Court **ORDERS** Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) be **GRANTED.** The Court **RECOMMENDS** that this case be **DISMISSED** and that Plaintiff's Motion to Perfect Service (ECF No. 3) be **DENIED**. The Clerk of the Court is directed to send a copy of this Report and Recommendation to the keeper of the three strikes list.

### IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150-53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 21st day of August 2024.**

JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE